IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARLENE JOHNSON, Individually and on behalf all others similarly situated,<br><br>        Plaintiff,<br><br> -against-.<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>        Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff DARLENE JOHNSON, individually and on behalf of all others similarly situated, by her attorneys, for her Complaint against Defendants, MORGAN STANLEY & CO. LLC, MORGAN STANLEY SMITH BARNEY LLC and MORGAN STANLEY (collectively "Morgan Stanley" or Defendants), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C 201, *et seq.* ("FLSA") on behalf herself and all current and former Client Services Associates, Portfolio Associates, Senior Client Service Associates, Registered Associates, and Senior Registered Associates (referred to collectively as "CSAs" regardless of title) who work and/or worked for Morgan Stanley within the United States within three years of the date of filing of this Complaint until the date of judgment in this action , excepting those individuals employed in the state of New York prior to August 20, 2014, who did not opt out of the settlement in *Amador et al. v. Morgan Stanley & Co., LLC, et al,* 11 CV 4326 (S.D.N.Y.) ("*Amador*") and whose claims during the relevant time periods herein were entirely released by virtue of the order entered as

1

Docket No. 188 in *Amador*, and those individuals who opted-in to *Amador* and participated in the settlement of *Amador* (the "Collective" or "Collective Action Members").

2. Morgan Stanley violated the FLSA by failing to pay Plaintiff and the Collective Action Members premium overtime compensation. Plaintiff and the Collective Action Members are entitled to unpaid overtime compensation from Morgan Stanley for all hours worked by them in excess of forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

3. Morgan Stanley is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

4. Morgan Stanley employs CSAs at office locations nationwide and uniformly classifies them as non-exempt from overtime compensation under the FLSA.

5. CSAs perform primarily non-managerial work such as assisting clients, opening accounts, closing accounts, verifying client income and net worth, facilitating trades, accepting deposits and initiating withdrawals, completing reports, financial research, client updates, inputting allocations of new issues, calculating amounts to fulfill margin calls, transferring accounts, assisting financial advisors, back office support, attending meetings, initiating check requests, wires, and electronic transfers, scheduling appointments, general clerical duties and handling telephone calls.

6. Pursuant to a uniform, companywide policy and practice, Morgan Stanley failed to accurately track or record the actual hours worked by its CSAs. Morgan Stanley furthered this wrongful policy by: (i) instructing CSAs not to track all hours they worked but, instead, to record only their scheduled hours; (ii) instructing CSAs not to record overtime hours they worked in its corporate-wide timekeeping system; (iii) failing to provide CSAs with a way to accurately record the hours they actually worked; and (iv) requiring CSAs to understate the number of hours they actually worked. In willful disregard of federal wage and hour law, Morgan Stanley failed and refused to pay Plaintiff and all other similarly situated CSAs for all hours worked in excess of 40 in a workweek.

7. Morgan Stanley's systematic failure and refusal to pay Plaintiff and all other similarly situated CSAs for all hours worked over 40 in a workweek violates the FLSA.

8. Plaintiff alleges on behalf of herself and all similarly situated current and former CSAs, however variously titled, employed by Morgan Stanley in the United States and who elect to opt-in to this action pursuant to the FLSA that they are entitled to: (i) unpaid wages for all hours worked in excess of 40 in a workweek; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

## THE PARTIES

*The Plaintiff*

9. Plaintiff Darlene Jonson, a resident of Vancouver, Washington, was employed by Morgan Stanley, as a CSA at Morgan Stanley's Vancouver, Washington office, from in or about June 2008 to April 2015.

3

10. Pursuant to Morgan Stanley's policy, pattern or practice, Plaintiff regularly performed work as a CSA for Morgan Stanley's benefit without receiving all legally mandated compensation. Specifically, Morgan Stanley did not pay Plaintiff overtime compensation for all hours she worked as a CSA in excess of 40 hours in a workweek, in violation of the FLSA.

11. Plaintiff's written Consent to Join this action is attached as **Exhibit A**.

*The Defendants*

12. MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, is a Delaware limited liability company with its principal place of business located in New York, New York. It is a wholly owned subsidiary of Defendant, MORGAN STANLEY.

13. MORGAN STANLEY SMITH BARNEY LLC, is a Delaware limited liability company with its principal place of business located in New York, New York. It is a partially owned subsidiary of Defendant, MORGAN STANLEY.

14. MORGAN STANLEY is a Delaware corporation that is a bank holding company registered with the New York Stock Exchange, among other regulator agencies and authorities, and Defendant has its principal place of business in New York, New York. MORGAN STANLEY is a parent company of MORGAN STANLEY & CO. LLC and MORGAN STANLEY SMITH BARNEY LLC.

15. Each Defendant does business under the trade name or mark of "Morgan Stanley," among other names and marks.

16. Each Defendant is a financial services company that provides brokerage and related products and services to millions of investors nationwide.

17. Each Defendant employed or acted in the interests of an employer towards Plaintiff and other similarly situated current and former CSAs and, at all material times, directly and/or indirectly, jointly or severally, controlled and directed Plaintiff's and the Collective Action Members' terms of employment and compensation.

18. Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former CSAs, including, without limitation, those terms and conditions relating to the claims alleged herein.

19. Defendants jointly employed Plaintiff and the Collective Action Members.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337 and 1367.

21. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

22. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 216(b).

23. Each Defendant, or at least one Defendant, resides in New York, New York and is subject to personal jurisdiction in New York.

24. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and Defendants' corporate headquarters are located within this District.

25. Each Defendant is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings FLSA overtime claims on behalf of herself and all similarly situated persons who work or have worked for Morgan Stanley as CSAs who elect to opt in to this action and whose claims were not settled in the *Amador* litigation referenced in paragraph 1, above.

27. Morgan Stanley is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members. There are many similarly situated current and former CSAs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated CSAs are known to Morgan Stanley, are readily identifiable, and can be located through Morgan Stanley's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

28. Plaintiff and the Collective Action Members worked for Morgan Stanley as CSAs and regularly worked more than 40 hours a week.

29. Morgan Stanley classified Plaintiff and the Collective Action Members as non-exempt under the FLSA.

30. Plaintiff regularly worked more than 40 hours during most weeks in which she worked for Morgan Stanley.

31. Morgan Stanley failed to pay Plaintiff and the Collective Action Members all overtime compensation due and owing to them for the hours they worked over in excess of 40 in a workweek.

32. Morgan Stanley failed to keep accurate records of the hours worked by Plaintiff and the Collective Action Members.

33. Throughout the relevant period, it has been Morgan Stanley's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation.

34. Morgan Stanley assigned all of the work that Plaintiff and the Collective Action Members performed and/or Morgan Stanley was aware of the work that they performed.

35. Plaintiff and all members of the Collective performed the same primary job duties, which are non-exempt.

36. Morgan Stanley has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable state law, with respect to Plaintiff and the members of the Collective, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' New York headquarters. This policy, pattern or practice includes but is not limited to:

(a) willfully failing to record all of the time that Plaintiff and the Collective Action Members have worked for the benefit of Morgan Stanley;

(b) willfully failing to keep accurate payroll records as required by the FLSA;

(c) willfully failing to credit Plaintiff and the Collective Action Members for all overtime hours worked, consistent with the requirements of the FLSA; and

(d) willfully failing to pay Plaintiff and the Collective Action Members overtime compensation for hours that they worked in excess of 40 hours per workweek.

37. Morgan Stanley is aware or should have been aware that federal law required them to pay their employees performing non-exempt duties an overtime premium for all hours worked in excess of 40 hours per workweek.

38. Morgan Stanley's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### Brought on Behalf of Plaintiff and Similarly Situated Current and Former Client Services Associates Against All Defendants

39. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-38.

40. Morgan Stanley has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective, as detailed in this Complaint.

41. At all relevant times, Plaintiff and Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Morgan Stanley.

43. Morgan Stanley is an employer of Plaintiff and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

45. Morgan Stanley has failed to pay Plaintiff and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

46. Morgan Stanley has failed to keep accurate records of time worked by the Plaintiff and the Collective Action Members.

47. Morgan Stanley's violations of the FLSA, as described in this Collective Action Complaint, have been, and continue to be, willful and intentional.

48. Morgan Stanley is aware of its obligations under the FLSA, and has been since at least June 2011, when *Amador* was filed in this Court, alleging materially the same FLSA violations as this case.

49. Morgan Stanley did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

50. Because Morgan Stanley's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

51. As a result of Morgan Stanley's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Collective, pray for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendants during the Collective Action Period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations, as well

as Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

      C.    Equitable tolling of the FLSA statute of limitation as a result of Defendants' failure to post requisite notices under the FLSA;

      D.    An injunction enjoining Defendants from violating the foregoing laws and regulations in the future;

      E.    Pre-judgment interest;

      F.    Attorneys' fees and costs of the action, including expert fees; and

      G.    Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: June 23, 2015

                          Respectfully submitted,

                          _/s/ Seth R. Lesser_

                          Seth R. Lesser
                          **KLAFTER, OLSEN & LESSER, LLP**
                          Jeffrey A. Klafter
                          Seth R. Lesser
                          Fran L. Rudich
                          Two International Drive, Suite 350
                          Rye Brook, NY 10573
                          Telephone:   (914) 934-9200
                          Facsimile:    (914) 934-9220

                          **SHAVITZ LAW GROUP, P.A.**
                          Gregg I. Shavitz (to apply for _pro hac vice_ admission)
                          Susan H. Stern (to apply for _pro hac vice_ admission)
                          Paolo Miereles (to apply for _pro hac vice_ admission)

1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Tel:     (561) 447-8888

Michael J. Palitz (MP7883)
E-mail:  mpalitz@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone:     (800) 616-4000
Facsimile:     (561) 447-8831

*Attorneys for Plaintiff and the Putative Collective*